UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada corporation; and CLOVER 8 INVESTMENTS PTE. LTD., a Singapore corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD EASTON LIMITED, a Delaware corporation, d/b/a www.FirstDateClub.com; RICHARD EASTON, an individual; MARIA JOSE DIAZ, an individual; NELIDA TEJEDA ALVAREZ, an individual; JORGE OSBALDO RODRIGUEZ, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00051-GMN-EJY<br><br>**ORDER** |

Before the Court is Plaintiffs' Motion to Permit Alternative Method of Service on Defendants. ECF No. 29. The Court grants Plaintiffs' Motion.

Plaintiffs' Motion, together with the exhibits thereto, demonstrate that Plaintiffs made substantial attempts to locate and serve Defendants, whose residences appear to have changed numerous times during the pendency of this action. Plaintiffs employed investigators in the U.S. and Mexico to locate Defendants, attempted personal service on multiple occasions, and service under the Hague Convention. Plaintiffs located and confirmed Defendants' active social media accounts and sent test emails to each Defendants' email address. Further, Plaintiffs have good reason to believe that Defendants Easton and Diaz are currently living in Austin, Texas.

Pursuant to Fed. R. Civ. P. 4(e)(1), service of Plaintiffs' Complaint filed in federal court may be effectuated by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Nevada Rules of Civil Procedure 4(b)(1) allows services by alternative means when service allowed by Nev. R. Civ. P. 4.2, 4.3, and 4.4(a) are impractical, which is the case here. Texas law allows for service

by alternative means where service was attempted and unsuccessful and alternative service will likely be reasonably effective. Tex. R. Civ. P. 106(b).

Federal Rule of Civil Procedure 4(f)(3) provides rules for serving an individual in a foreign country including "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(h) allows service on a foreign corporation in the same manner as a foreign individual. While Mexico and the United States are signatories to the Hague Convention, and Mexico objects to Article 10 of the Convention, this Objection does not apply to service by email. *TI, Ltd. v. Chavez*, Case No. 3-19-cv-01830-WQH-KSC, 2020 WL 3316974, at *3 (S.D. Cal. June 18, 2020). As Plaintiffs point out, they are not required to attempt every permissible means of service before requesting alternative service. *Neumont Univ., LLC v. Nickles*, 304 F.R.D. 594, 600 (D. Nev. 2015).

The U.S. District Court for the District of Nevada in *Liberty Media Holdings, LLC v. Letyagin*, states: "Authorizing service by email certainly is not traditional, but it does not appear that such service has been unequivocally prohibited by any court." Case No. 2:12-cv-00923-LRH-GWF, 2012 WL 13055381, at *1 (D. Nev. June 11, 2012); *see also Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) (approving service of process by email). When determining whether the Court should authorize service of process by email, the Ninth Circuit has articulated a two factor test: (1) whether the facts and circumstances necessitate court intervention and justify service by email; and (2) whether the plaintiff demonstrates that service by email is reasonably calculated to apprise the defendant of the action and afford him an opportunity to respond to the complaint. *Rio Props., Inc.*, 284 F.3d at 1016; *see also St. Francis Assisi v. Kuwait Finance House*, Case No. 3:16-cv-3240-LB, 2016 WL 5725002, at *2 (N.D. Cal. Sept. 30, 2016) (applying the same analysis to service by posting a complaint on social media as applied to service by email). Here, as briefly described above and more fully set forth in ECF No. 29, with Exhibits, Plaintiffs demonstrate that alternative service is necessary and reasonably calculated to provide Defendants notice of the action and an opportunity to respond to the Complaint.

Accordingly, and based on the foregoing demonstrating substantial efforts to locate and personally serve Defendants, IT IS HEREBY ORDERED that Plaintiffs' Motion to Permit Alternative Method of Service on Defendants (ECF No. 29) is GRANTED.

IT IS FURTHER ORDERED that:

- Plaintiffs may serve all four Defendants by email at the email addresses each Defendant used when they originally signed up for Plaintiff Reflex Media, Inc.'s dating website and services;
- Plaintiffs may also serve Defendants Easton and Diaz, pursuant to Nevada law, by mail at their last known physical addresses and through their social media accounts identified in Plaintiffs' Motion; and,
- *Sue sponte*, the Court grants an extension of time to effect service on Defendants, and file proof of same, to February 26, 2021.

Dated this 4th day of January, 2021

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE