UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada corporation; and CLOVER 8 INVESTMENTS PTE. LTD., a Singapore corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD EASTON LIMITED, a Delaware corporation, d/b/a www.FirstDateClub.com; RICHARD EASTON, an individual; MARIA JOSE DIAZ, an individual; NELIDA TEJEDA ALVAREZ, an individual; JORGE OSBALDO RODRIGUEZ, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00051-GMN-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>Re:  ECF No. 33<br>Request for Entry of Default |

Before the Court is Plaintiff's Request for Entry of Default Against Nelida Tejeda Alvarez, Jorge Osbaldo Rodriguez, Richard Easton, and Maria Jose Diaz.  No response to the Motion was filed.

**I.    BACKGROUND**

Plaintiffs commenced this action on January 9, 2020.  ECF No. 1.  Plaintiffs made substantial attempts to effect service on all four defendants that were unsuccessful.  ECF No. 31 at 1.  Thus, the Court granted Plaintiffs' Motion to Permit Alternative Service and ordered Plaintiffs to serve Defendants via email, known social media accounts, and by mail where possible.  *Id.* at 3.  Plaintiffs then filed a Notice of Compliance with the Court's Order to which they attached proof of alternate service.  ECF No. 32.  On December 10, 2020, Plaintiffs moved for Entry of Clerk's Default against "Richard Easton Limited," which the Clerk entered on December 28, 2020.  ECF Nos. 27, 30.[1]  Plaintiffs filed no similar motions with respect to Defendants Diaz, Alvarez, Rodriguez, or Easton in his individual capacity.  As of March 31, 2021, no defendant had appeared in the case or filed a

---

[1]  Defendant Easton, in his Motion to Dismiss, asserts that "Richard Easton Limited" is a Delaware corporation that has been out of business for six years.  ECF No. 34 at 2.  Defendant Richard Easton, in his individual capacity, is proceeding *pro se*.  *Id.*

responsive pleading and, as such, Plaintiffs filed their instant Request for Entry of Default. ECF No. 33 at 1-2.

On April 22, 2021, Easton, in his individual capacity, appeared for the first time and moved the Court to dismiss Plaintiffs' action.[2] ECF No. 34. The Motion to Dismiss remains pending. Since Easton filed his Motion, Plaintiffs and Easton held a Rule 26(f) discovery conference and filed a Joint Discovery Plan and Scheduling Order, which the Court granted on June 25, 2021. ECF Nos. 45, 46. Easton and Plaintiffs have complied with all discovery deadlines to date. Defendants Diaz, Alvarez, and Rodriguez have not appeared in the action.

## II.   DISCUSSION

Rule 55(b) of the Federal Rules of Civil Procedure authorizes the Court to enter default judgment when the Clerk of Court previously entered default based upon a defendant's failure to answer and defend. *OCWEN Loan Servicing, LLC v. Operture, Inc.*, Case No. 17-cv-01026, 2018 WL 1100904, at *1 (D. Nev. February 12, 2018). Here, Plaintiffs properly served Defendants with the Summons and Complaint on February 3, 2021, in accordance with the Court's Order granting Alternative Service (ECF No. 31), and proof of service was filed on February 5, 2021. ECF No. 32. Defendants Diaz, Alvarez, and Rodriguez have not appeared or attempted to respond to Plaintiffs' Complaint since that date. However, Plaintiffs have not filed a proper Motion for Entry of Clerk's Default with the Clerk of Court as to these Defendants and, as such, no entry of default is entered. Insofar as Plaintiffs' Request is a motion for default judgment, the Court has no authority to order default judgment against any defendant except, as discussed below, Richard Easton Limited. Before Plaintiffs may seek a default judgment, they must first file a Motion for Clerk's Entry of Default with the Clerk of Court, wait for default to be entered, and then file a separate Motion for Default Judgment in accordance with Rule 55(b). *OCWEN Loan Servicing*, 2018 WL 1100904, at *1.

With respect to Richard Easton Limited, default was entered on December 28, 2020. ECF No. 30. No similar entry exists for Easton in his individual capacity. More importantly, Easton, as an individual, has appeared in this case and is participating in the litigation at this time. Easton has

---

[2]   Although Defendant Easton did not formally appear until his April 22 Motion to Dismiss, counsel for Plaintiffs certifies that Defendant Easton was corresponding intermittently with Plaintiffs' legal team about the causes of action in the Complaint since February 5, 2021. ECF No. 37-1 at 1-2.

filed a Motion to Dismiss (ECF No. 34), participated in a discovery conference, and signed joint filings with Plaintiffs. ECF Nos. 45, 49.

Failure to timely answer a properly served complaint is an appropriate basis upon which entry of default judgment may lie. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). This, however, does not automatically entitle Plaintiffs "to a court-ordered judgment." *PepsiCo. Inc. v. Cal. Sec. Cans.*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002). Further, courts generally disfavor default judgments because "cases should be decided upon their merits whenever reasonably possible." *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Hence, even if Easton, in his individual capacity, was untimely in responding to Plaintiffs' Complaint, he has since appeared and participated in the litigation.

### III. RECOMMENDATIONS

For each and all of the reasons stated above,

IT IS HEREBY RECOMMENDED that Plaintiffs' Request for Entry of Default (ECF No. 33) as to Defendants Diaz, Alvarez, Rodriguez, and Easton (in his individual capacity) be DENIED without prejudice.

IT IS FURTHER RECOMMENDED that Plaintiffs be advised to refile their Motion for Entry of Clerk's Default as to Defendants Diaz, Alvarez, and Rodriguez, and that once default is entered, Plaintiffs proceed with a motion for default judgment against all Defendants except Easton in his individual capacity.

IT IS FURTHER RECOMMENDED that Plaintiffs be advised that default and/or default judgment cannot be pursued against Easton, in his individual capacity, at this time because he is currently participating in the litigation.

DATED this 3rd day of November, 2021.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. In 1985, the Supreme Court held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). The Ninth Circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).