UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada corporation; and CLOVER 8 INVESTMENTS PTE. LTD., a Singapore corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD EASTON LIMITED, a Delaware corporation, d/b/a www.FirstDateClub.com; RICHARD EASTON, an individual; MARIA JOSE DIAZ, an individual; NELIDA TEJEDA ALVAREZ, an individual; JORGE OSBALDO RODRIGUEZ, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00051-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiffs Reflex Media, Inc., and Clover8 Investments PTE. LTD.'s (collectively "Reflex") Motion to Compel (ECF No. 55). The Court has considered Plaintiffs' Motion, Defendant Richard Easton's Response, and Reflex's Reply. ECF Nos. 55, 56, 57.

## I.  BACKGROUND

Reflex owns several federally recognized trademarks related to a dating service. ECF No. 55 at 4. Defendant Richard Easton ("Easton") is the owner of www.FirstDateClub.com, also an online dating service. On January 9, 2020, Reflex filed a Complaint for (1) trademark infringement under 15 U.S.C. § 1114(1) and 1125(a); (2) unfair competition under 15 U.S.C. § 1125(a); (3) breach of contract; (4) intentional interference with prospective economic advantage; and (5) violations of the computer fraud and abuse act. ECF No. 1. After a telephonic meet and confer Reflex filed the instant Motion to Compel because Easton failed to respond appropriately and adequately to Interrogatories, Requests for Production, and Requests for Admissions.[1]

---

[1] Reflex also requested that Easton be barred from introducing any evidence on issues on which he has not produced or disclosed anything. *See* ECF No. 55 at 1. This issue is not properly before the Court. A determination regarding barring the introduction of evidence may be made by the Court through a motion for sanctions if Defendant fails to comply with this Order, a motion in limine, through the submission of a joint pretrial order and objections raised therein or at the time of trial.

## II.    DISCUSSION

The scope of discovery under Federal Rule of Civil Procedure 26(b)(1) is broad.  Discovery may be obtained as to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable."  *Id.*  "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond."  *Patton v. Loadholt*, Case No. 2:19-CV-0451-KJM-KJNP, 2020 WL 5095858, at *4 (E.D. Cal. Aug. 28, 2020), *citing* Fed. R. Civ. P. 37(a)(3).

As a general matter, parties engaging in civil discovery are expected "to approach discovery with an eye toward cooperation, practicality, and sensibility" and minimize gamesmanship to ensure the "just, speedy, and inexpensive" resolution of disputes.  *Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513 (D. Nev. 2020) *quoting* Fed. R. Civ. P. 1.  That said, "[w]hen an amicable resolution to a discovery dispute cannot be attained … a party seeking discovery may move the Court to issue an order compelling that discovery."  *Covino v. Spirit Airlines, Inc.*, Case No. 2:20-CV-01039-GMN-NJK, 2021 WL 2955898, at *1 (D. Nev. July 14, 2021).

A party may move to compel discovery responses when the party disagrees with the objections interposed by the other party and wants to compel more complete answers.  *High Country Paving, Inc. v. United Fire & Cas. Co.*, 414 F. Supp. 3d 1299, 1302 (D. Mont. 2019).  The burden lies with the objecting party to show that a discovery request is improper.  *Id.*  Where a party's objections are themselves vague and impermissibly overbroad, the objecting party fails to carry its burden.  *Ivins v. Corr. Corp. of Am.*, 291 F.R.D. 517, 519 (D. Mont. 2013).  Ultimately, "broad discretion is vested in the trial court to permit or deny discovery."  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Through its Motion, Reflex seeks more complete answers to (1) RFP Nos. 3, 16, 17, 27, and 31, (2) Interrogatory Nos. 5, 6, 7, 10, and 20, and (3) RFA No. 7.  ECF No. 55 at 7-11.  Reflex alleges Plaintiff produced "no documents whatsoever" as of the date the Motion was filed.  *Id.* at 6.  Reflex also identifies several of Easton's responses and argues they are "vague, grossly incomplete, or well-nigh incomprehensible."  *Id.* at 11.  To ensure it is not unduly prejudiced, Reflex asks the Court to

compel Easton to meaningfully participate in discovery and compel responses to the identified discovery requests.  *Id.*

Easton's Response is substantially dedicated to arguing the merits of his case.  ECF No. 56 at 1-3.  In his only specific response to Reflex's discovery-related allegations, Easton defends his responses to Reflex's Interrogatory Nos. 5, 10, and 20, arguing he already answered the questions propounded as "N/A" because the questions were inapplicable.  *Id.* at 3.[2]  Easton further responds, "[s]ince Plaintiffs already know the company went out of business [in] 2014, the question itself i[s] N[/]A as well as numerous other questions."  *Id.*

A.      Defendant's Responses to Requests for Production.

Federal Rule of Civil Procedure 34(a) permits the request for documents that "are in the possession, custody or control of the party upon whom the request is served."  Fed. R. Civ. P. 34(a).  Federal Rule of Civil Procedure 34 requires that a responding party "must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request …."  Fed. R. Civ. P. 34 (b)(2)(B).  A party is obliged to produce all specified relevant and nonprivileged documents or other things which are in its "possession, custody or control" by the date specified by the Rules.  Fed. R. Civ. P. 34(a).

Reflex seeks to compel more complete responses to RFP No. 3, which requested "[d]ocuments sufficient to show the annual revenue, costs, and profits" of Easton's businesses.  ECF No. 55 at 7.  Easton responded to this Request stating only: "By separate email."  *Id.*  Similarly, in response to RFP No. 17, requesting documentation listing Easton's physical address, Easton again stated he would respond "via separate email."  *Id.* at 8.  Easton's responses to Plaintiff's RFP Nos. 3 and 17 are insufficient even if intended to signal that a substantive response would be provided in the future.  The potential for a future production, through a separate email, is at best incomplete and at worst evasive.  Not only does Easton fail to state whether he has responsive documents, he also fails to state when documents, if any, will be produced.  Easton did not request an extension of time to produce responsive documents, and obviously no extension was given.  Easton could not grant himself an

---

[2]      These Interrogatories seek financial information associated with www.FirstDateClub.com.  ECF No. 55 at 9-11.

open-ended extension.  *Picu v. Bot*, Case No. C14-0330RSL, 2015 WL 12930124 (W.D. Wash., May 20, 2015) ("case management deadlines established by the Court 'may be modified only for good cause and with the judge's consent'") (citing Fed. R. Civ. P. 16(b)(4)).  Of course, had Easton sent a prompt follow-up email with a responsive document, Plaintiffs may have been mollified; however, Plaintiffs state that no separate email was ever received.  ECF No. 55 at 6.

Reflex also requests more complete responses to RFP No. 27 (seeking Easton's tax returns in his individual capacity and as a business owner since 2016) and RFP No. 31 (seeking "copies of any records that … [Easton] believe[s] reflect the degree of care used by customers of Richard Easton Limited.").  ECF No. 55 at 8.  In response to Request No. 27 Easton states: "NON EXISTANT.  N/A.  NONE OUT OF BUSINESS 2014.  No Tax Returns filed since 2013."  *Id.*  Easton also responds with "see FirstDateClub.com."  *Id.* at 8-9.  Easton's response is incomplete.  Ending business operations with the public does not necessarily equate to the cessation of all business activity.  Winding down business obligations may well have lasted past 2014.  Further, Easton's responses do not address his individual tax returns.  With respect to RFP No. 31, Easton's response fails to acknowledge whether responsive documents exist and, if they do, why he has not produced them.  *Id.* at 9.[3]  Indeed, Easton does not explain why the end of the business prevents producing responsive documents.  *Id.*  In total, Easton's unnecessarily vague and mildly flippant responses to these and other discovery requests demonstrates something far less than a good faith effort to participate in discovery as required.

Reflex seeks clarification to Easton's response to RFP No. 16 requesting "[a]ll documents showing the physical addresses from 2016 to present of FIRSTDATECLUB."  Easton's response is evasive stating only that the website has "no physical address [sic] not a company."  *Id.* at 7.  The website reflected a business operation that must, in order to pay taxes and otherwise potentially interact with government regulations, have had a physical address.  Easton must provide documentation identifying the physical address through which the website was controlled, operated, or otherwise used to pay taxes and interact with government regulators, even if that address is the same as Easton's address.

---

[3]     Easton's response to RFP No. 31 states "***NONE OUT OF BUSINESS 2014*** and/or FirstDateClub when deciding to purchase their products and/or services. *See FirstDateClub.com.*"

1      B.      Defendant's Interrogatory Responses.

2           A party answering interrogatories must furnish "such information as is available to the party."

3    Fed. R. Civ. P. 33(a).  Federal Rules of Civil Procedure 33(b)(1) requires an interrogatory to be

4    answered, unless it is objected to, "separately and fully in writing under oath."  Any ground for an

5    objection "must be stated with specificity [and] … [a]ny grounds not stated in a timely objection is

6    waived unless the court, for good cause, excuses the failure."  Fed. R. Civ. P. 33(b)(4).  The party

7    upon whom the interrogatories have been served must serve a copy of the answers and objections, if

8    any, within 30 days after the service of the interrogatories.  Fed. R. Civ. P. 33(b)(3).

9
10
11
12

> [A]n answer to an interrogatory must be responsive to the question.  It should be
> complete in itself and should not refer to the pleadings, or to depositions or other
> documents, or to other interrogatories, at least where such references make it
> impossible to determine whether an adequate answer has been given without an
> elaborate comparison of answers. …  A party's interrogatory response may refer to
> business records or abstracts only if the burden of deriving or ascertaining the
> answer will be substantially the same for either party.

13    *Lawman v. City & Cty. of San Francisco*, 159 F. Supp. 3d 1130, 1140 (N.D. Cal. 2016) (internal

14    quote marks and citation omitted).  It is not enough to say "See Response to Interrogatory No. 1." *Id.*

15           Easton fails to provide responses to Reflex's Interrogatory Nos. 5, 7, 10, and 20 compliant

16    with the letter and spirit of interrogatory-based discovery.  Easton responded to Interrogatory Nos. 5

17    and 7 by stating he will email in the future.  ECF No. 55 at 9-10.  This is not a complete, self-contained

18    response.  Easton does not say what is forthcoming, or when or why he needs additional time to gather

19    specific responsive information.  In fact, Easton's response once again demonstrates a lack of effort

20    to participate in discovery as required.  Importantly, even if this comes from a lack of understanding

21    because Easton is not a lawyer (although he is not unsophisticated), Easton is held to the same

22    standard whether representing himself or represented by counsel.  *Sanchez v. Rodriguez*, 298 F.R.D.

23    460, 470 (C.D. Cal. 2014) (citing *Lindstedt v. City of Granby*, 238 F.3d 933, 937 (8th Cir.2000)).

24           Similarly, the answers to Interrogatory Nos. 10 and 20 state only "See [Interrogatory] Nos. 5

25    & 7." ECF No. 55 at 10.  Given that Easton's responses to Interrogatory Nos. 5 and 7 are incomplete,

26    Easton's responses to Interrogatories 10 and 20 suffer from the same inadequacy.  *Lawman*, 159 F.

27    Supp. at 1140 (citing Fed. R. Civ. P. 33(d)).

28

In sum, the Court finds Easton failed to participate in good faith with discovery by providing incomplete responses to Interrogatory Nos. 5, 7, 10, and 20.

   C. <u>Defendant Fails to Respond to Request for Admission No. 7.</u>

An answer to a Request for Admission must consist of an admission, a denial, or a statement detailing why the answering party is unable to admit or deny the matter.  Fed. R. Civ. P. 36(a)(3)-(a)(4).  If any portion of a RFA is true, the party to whom it is directed must admit that portion and qualify or deny the rest.  Fed. R. Civ. P. 36(a)(4); *Villery v. Crounse*, Case No. 18-cv- 01623- NONE-SKO, 2021 WL 3510486, *1 (E.D. Cal. July 1, 2021) (citing *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981)).  A denial must be specific and fairly respond to the substance of the matter.  Fed. R. Civ. P. 36(a)(4).  Where the meaning of a particular term in a request is inexact, the responding party should supply its own definition and admit or deny or qualify its admission or denial to make it accurate and responsive.  *Runway TV, LLC v. De Gray,* Case No. 2:18-cv-02503-FMO-JC, 2020 WL 6712253, *3 (C.D. Cal. Sept. 15, 2020) (citing *S.A. Healy Co./Lodigiani USA, Ltd. v. United States*, 37 Fed. Cl. 204, 205-07 (Fed. Cl. 1997)).  "[A] response that does not set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter, may be deemed an admission."  *Shayler v. Yacoub*, Case No. CV 20-01882 RAO, 2020 WL 8812454, *3 (C.D. Cal. Dec. 23, 2020) (citing *Asea*, 669 F.2d at 1245).

Defendant Easton failed to respond to RFA No. 7.  This Request states: "Admit that www.RichardEaston.com used the two-letter logo referenced in the Complaint at ¶ 88."  Easton's responded with "What? None. N/A. Attached the logo."  This string of words is nonsensical.  Easton's failure to specify whether the RFA is admitted or denied, as well as his failure to meaningfully explain why an admission or denial cannot be provided, is noncompliant.  Indeed, Easton acts with a certain degree of willfulness and appears to refuse to engage in the discovery process.  For these reasons, the Court deems RFA No. 7 "admitted" by Easton.  *Shayler*, 2020 WL 8812454, *3.

   D. <u>The Court Awards Attorney's Fees and Costs.</u>

When a motion to compel is granted, the Court may order the non-movant to "pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Fed. R. Civ. P. 37(a)(5)(A).  Here, Plaintiffs made a good faith effort to obtain discovery without court action,

Defendants' non-responses were not substantially justified, and the award is otherwise just. Thus, an award of fees and cost is appropriate.

**III.   ORDER**

IT IS HEREBY ORDERED that Plaintiff's Motion to Compel (ECF No. 55) is GRANTED.

IT IS FURTHER ORDERED that Defendant **must** submit compliant, supplemental responses to Requests for Production Nos. 3, 16, 17, 27, and 31 and Interrogatory Nos. 5, 6, 7, 10, and 20 no later than **July 21, 2022**.

IT IS FURTHER ORDERED that Defendant is deemed to have admitted Request for Admission No. 7.

IT IS FURTHER ORDERED that Defendant's failure to timely comply with this Order may result in sanctions up to an including the striking of Defendants' responsive pleading.

IT IS FURTHER ORDERED that Plaintiffs are awarded their reasonable attorney's fees and costs associated with bringing their Motion to Compel. Plaintiffs must file a memorandum of fees and costs supporting their fee and cost request that details the activities, hours spent (in tenths of hours), and the rate charged by each attorney who worked on the Motion or Reply. Appropriate redactions from billing records for attorney client privilege or work product may be made for the public filing with non-redacted copies of such records filed under seal. Plaintiffs shall submit their memorandum within 14 days of this Order. Defendants shall have 7 days to file a response, if any is desired. No reply shall be permitted.

Dated this 8th day of June, 2022

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE