UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REFLEX MEDIA, INC., a Nevada corporation; and CLOVER 8 INVESTMENTS PTE. LTD., a Singapore corporation,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD EASTON LIMITED, a Delaware corporation, d/b/a www.FirstDateClub.com; RICHARD EASTON, an individual; MARIA JOSE DIAZ, an individual; NELIDA TEJEDA ALVAREZ, an individual; JORGE OSBALDO RODRIGUEZ, an individual, and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:20-cv-00051-GMN-EJY<br><br>**ORDER** |

On July 8, 2022, the Court granted Plaintiffs Reflex Media, Inc. and Clover8 Investments PTE's Motion to Compel. ECF No. 61. The Court's Order included an award of reasonable attorney's fees and costs. *Id*. Plaintiffs filed their Memorandum in support of the award of fees on July 20, 2022. ECF No. 63. Plaintiffs have no costs. *Id*. The due date set by the Court for a response to Plaintiffs' Memorandum was July 27, 2022. No response was filed.

**I.     Discussion**

The U.S. District Court for the District of Nevada has adopted the hybrid lodestar/multiplier approach, used by the Supreme Court in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), as the proper method for determining the amount of attorney's fees due in most actions. The lodestar/multiplier approach has two parts. First, the court determines the lodestar amount by multiplying the number of hours reasonably expended on a motion by a reasonable hourly rate. *Id.* at 433. To get to this calculation, the party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. *Id.* The district court will then, generally, exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. Second, after calculating the total amount requested, the court may adjust

the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation. *Blum v. Stenson*, 465 U.S. 886, 898–901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley*, 461 U.S. at 434 n.9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation).

      A.      <u>The Hourly Rate Charged</u>.

The court determines a reasonable hourly rate by reference to the "prevailing market rates in the relevant community" for an attorney of similar experience, skill, and reputation. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (quotation omitted). The relevant community generally is "the forum in which the district court sits." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) (quotation omitted). "For the Las Vegas market, this court has regularly awarded fees where the hourly rates at issue were between $250 and $400." *Scott v. Smith's Food and Drug Centers, Inc.*, Case No. 2:18-cv-303-JCM-VCF, 2020 WL 343642, at *2 (D. Nev. Jan. 21, 2020) (compiling cases). The Memorandum filed by Plaintiffs explains that Isaac Eddington and Joseph Schaeffer drafted the motion to compel and reply. These attorneys were supervised by Mark Smith, but his time is not included in the time for which an award of fees is sought. Messrs. Schaeffer and Eddington have been practicing for 10 and 22 years respectively. Mr. Schaeffer bills at $350 per hour, while Mr. Eddington bills at $455 per hour. These rates are reasonable for the Las Vegas market particularly because of the nature of this case, which involves intellectual property.

      B.      <u>The Amount of Time Spent</u>.

The Court also finds the amount of time spent on the Motion to Compel is reasonable. "District courts possess the necessary discretion to adjust the amounts awarded to address excessive and unnecessary effort expended in a manner not justified by the case." *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). This includes "time spent reviewing work of other attorneys as duplicative" (*Melancon v. Harrah's Entertainment, Inc.*, Case No. 2:08-cv-00212-RCJ-RJJ, 2010 WL 11639687, at *4 (D. Nev. Feb. 26, 2010)), as well as entries on time reports that fails "to delineate what work was performed in each entry" and thus appear duplicative. *American General Life Ins. Co. v. Futrell*, Case No. 2:11-cv-00977-PMP-CWH, 2012 WL 4962997, at *4 (D. Nev. Oct.

16, 2012). Ultimately, it is always the moving party's burden to establish that the fees sought are reasonable. *Soule v P.F. Chang's China Bistro, Inc.*, Case No. 2:18-cv-02239-GMN-GWF, 2019 WL 3416667, at *1 (D. Nev. July 26, 2019) (citation omitted). The amount of time spent for which reimbursement is requested in this case totals 16.1 hours. A review of the billing records demonstrate the time was spent engaged in reasonable, non-duplicative, and necessary work.

**II.   Order**

Accordingly, IT IS HEREBY ORDERED that the Memorandum of Attorneys' Fees (ECF No. 63) is GRANTED.

IT IS FURTHER ORDERED that Defendant **must** make payment to Plaintiffs in the following amount within **30 days of the date of this Order** unless an objection is filed:

$6,727.00 in attorney's fees.

Dated this 2nd day of August, 2022.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

3