# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| REFLEX MEDIA, INC. *et al.*, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2:20-cv-00051-GMN-EJY |
| vs. | ) | |
| | ) | **ORDER** |
| RICHARD EASTON LIMITED, *et al.*, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is the Motion for Attorney's Fees, (ECF No. 41), filed by Plaintiffs Reflex Media, Inc. and Clover8 Investments PTE, Ltd. (collectively, "Plaintiffs"). Defendants did not file responses.  For the reasons discussed below, the Court **GRANTS in part and DENIES in part** Plaintiffs' Motion for Attorney's Fees.

## I.    BACKGROUND

This case arises from a trademark infringement dispute.  Plaintiff Reflex "operates online social and dating platforms," which Defendant allegedly infiltrated to lure Plaintiffs' clients to use Defendant's own online social and dating platform. (Resp. Mot. Dismiss 1:22–23, ECF No. 37).  Plaintiffs provide a detailed review of the facts alleged in the Complaint, and the background and procedural history of the case in their Response to Defendant Richard Easton's Motion to Dismiss and in their own Motion for Partial Summary Judgment. (*See id.* 1:22–5:8); (Mot. Part. Summ. J. ("MPSJ") 1:24–11:25, ECF No. 58).  In a previous Order, the Court denied Defendant Easton's Motion to Dismiss and granted in part and denied in part Plaintiffs' Motion for Partial Summary Judgment. (*Id.* 18:4–7).  Concurrently, the Court directed Plaintiffs to file a memorandum of attorney's fees supporting their attorney's fee request that details the activities, hours spent (in tenths of hours), and the rate charged by each attorney who

worked on the Motion for Partial Summary Judgment and/or Reply. (*Id.* 13:9–16). In lieu of attorney's fees, Plaintiffs seek costs.

## II.  **LEGAL STANDARD**

Under 15 U.S.C. § 1117(a), a court may award reasonable attorney's fees to the prevailing party in "exceptional cases." *Gracie v. Gracie*, 217 F.3d 1060, 1068 (9th Cir. 2000) (quoting 15 U.S.C. § 1117(a)). While the statute does not define the term "exceptional," generally a trademark case is exceptional when the court finds that a party acted maliciously, fraudulently, deliberately, or willfully. *Earthquake Sound Corp. v. Bumper Indus.*, 352 F.3d 1210, 1216 (9th Cir. 2003); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1023 (9th Cir. 2002) (upholding an award of attorney's fees under § 1117(a) based on finding that a defendant acted "knowingly, maliciously, and oppressively, and with intent to . . . injure"). Exceptional circumstances further include when a party litigates the case in an unreasonable manner, such as refusing to participate in discovery until compelled, avoiding testifying, and delaying proceedings. *Hansen Cold Storage Constr. v. Cold Sys., Inc.*, No. 2:19-cv-07617-SB-MAA, 2022 WL 1199271, at *3 (C.D. Cal. Feb. 11, 2022). Moreover, under the Lanham Act, an award of attorney's fees is within the district court's discretion. 15 U.S.C. § 1117(a) (stating that the court "may" award fees).

## III.  **DISCUSSION**

The Court previously determined that this case constituted an "exceptional case" pursuant to § 1117(a) because Defendant acted deliberately by creating false accounts, soliciting Plaintiffs' members to become members of First Date Club, and using Plaintiffs' trademarks as hashtags to promote Defendant's competing business. (Order 13:3–5, ECF No. 68). In addition, the Court found that Defendant litigated in an unreasonable manner by refusing to respond to discovery requests, thereby delaying discovery, until the Court compelled him to do so. (*Id.* 13:5–7); (*see also* Order, ECF No. 61). In the instant Motion,

Plaintiff seeks an award of $15,026.67 in reimbursement costs for expenses incurred litigating this case. (Mot. Att'y Fees ¶ 5, ECF No. 69).  In support of their request, Plaintiffs submit an expense report detailing costs associated with the case, substantiated by invoices and receipts. (Expense Report, Ex. 1 to Mot. Att'y Fees, ECF No. 69-1).

"[A]ttorney's fees under the Lanham Act may also include reasonable costs that the party cannot recover as the 'prevailing party.'" *Secalt S.A. v. Wuxi Shenxi Const. Mach. Co.*, 668 F.3d 677, 690 (9th Cir. 2012), *abrogated on other grounds by SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179 (9th Cir. 2016).  Where a statute authorizes an award of reasonable attorney's fees to a prevailing party, courts have discretion to award reasonable out-of-pocket litigation expenses as part of the attorney's fee award "when it is the prevailing practice in a given community for lawyers to bill those costs separate from their hourly rates." *Grove v. Wells Fargo Fin. Calif., Inc.*, 606 F.3d 577, 579–82 (9th Cir.2010).  Under this District's Local Rules, and pertinent to this Motion, the following costs may be recovered: (1) process servicing fees; (2) transcripts of court proceedings; (3) certain deposition costs, including transcripts and reporters; (4) witness fees, mileage, and subsistence; (5) certain translation fees; and (6) exemplification, photocopying, and disbursements for printing. *See* Dist. Nev. LR 54-2–54-11.

Here, most of the charges for which Plaintiffs seek to recover were normal and customary expenses incurred as a result of litigation.  These include service of process, translation, and deposition fees. (*See* Expense Report at 2–3, Ex. 1 to Mot. Att'y Fees).  Plaintiffs, however, seek costs beyond what is allowed by this District's Local Rules. *See* Dist. Nev. LR 54-2–54-11.  Thus, the Court subtracts the following costs from Plaintiffs' request: complaint filing fees, courier fees, county recorder fees, entity search fees, investigation service fees, and print of pleadings fees. *See id.*  Accordingly, the Court awards costs in the amount of $10,825.17 rather than the requested $15,026.67.

1

**IV.     CONCLUSION**

2          **IT IS HEREBY ORDERED** that Plaintiffs' Motion for Attorney's Fees and Costs,

3   (ECF No. 69), is **GRANTED in part and DENIED in part**, consistent with this Order.   The

4   Clerk of Court is instructed to enter a judgment awarding Plaintiffs $10,825.17 in costs.

5          **DATED** this __21__ day of December, 2022.

6

7          _____

8          Gloria M. Navarro, District Judge
           United States District Court

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25